**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4208

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN TERRELL WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (CR-03-758)

Submitted:  September 23, 2005          Decided:  October 26, 2005

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Bradley Bennett, SALVINI & BENNETT, L.L.C., Greenville, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Calvin Terrell Williams pled guilty to two counts of armed bank robbery, 18 U.S.C. § 2113(a), (d) (2000), and was sentenced to 125 months imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal but addressing whether Williams was competent to testify, whether the district court erred in denying a minor role adjustment at sentencing, United States Sentencing Guidelines Manual § 3B1.2 (2000), and whether Williams' sentence violates United States v. Booker, 125 S. Ct. 738 (2005). Although advised of his right to file a supplemental pro se brief, Williams has not done so.

Counsel first addresses Williams' competency to enter a guilty plea. We have reviewed the transcript of Williams' Fed. R. Crim. P. 11 hearing and conclude that the district court properly ensured that Williams was competent to plead guilty and that his plea was knowing and voluntary. See Godinez v. Moran, 509 U.S. 389, 400 (1993); United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999).

Next, counsel questions the district court's denial of a minor role adjustment at sentencing. Here, Williams either directly planned or, at the very least, materially helped carry out both robberies, was present when the robberies took place, and received some of the proceeds. Accordingly, the district court did not

- 2 -

clearly err in denying Williams a minor participant adjustment. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989) (providing standard of review for factual determinations, such as whether the appellant's conduct warrants a minor role sentencing reduction).

Finally, counsel raises as a potential issue the validity of Williams' sentence under United States v. Booker, 125 S. Ct. 738 (2005). We review issues raised for the first time on appeal for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In Hughes, we held that when a sentence calculated under the Sentencing Guidelines exceeds the maximum sentence authorized by facts found by the jury alone or admitted by the defendant, the defendant could demonstrate plain error that warranted resentencing under Booker. We find the district court did not commit constitutional error, plain or otherwise, in sentencing Williams because the term of imprisonment is not greater than that authorized by facts admitted by him at his plea hearing and at sentencing. Nor can Williams demonstrate that any error in imposing his sentence under a mandatory guidelines scheme affected his substantial rights. See United States v. White, 405 F.3d 208 (4th Cir. 2005).

As required by Anders, we have examined the entire record in this case and found no error. Accordingly, we affirm Williams' convictions and sentence. This court requires that counsel inform

Williams, in writing, of his right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED